# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS ANTONIO LEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-112 RLW |
| | ) | |
| SGT. TIMOTHY DURBIN and PHELPS | ) | |
| COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Douglas Antonio Lee, a pretrial detainee at Phelps County Jail ("the Jail") in Rolla, Missouri, for leave to commence this civil action without prepayment of the required filing fee. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $22.93. *See* 28 U.S.C. § 1915(b)(1). Also before the Court is a handwritten letter, dated March 23, 2022, which the Court construes as a motion for appointment of counsel and for issuance of a subpoena. ECF No. 5. For the reasons discussed below, this motion will be denied.

The Court has carefully reviewed plaintiff's amended complaint, ECF No. 4, pursuant to 28 U.S.C. § 1915(e)(2). The Court will dismiss plaintiff's official capacity claim against defendant Sergeant Timothy Durbin and the claims against defendant Phelps County Jail. The Court will direct the Clerk of Court to issue process on defendant Sergeant Timothy Durbin in his individual capacity.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his inmate account statement. ECF No. 3 at 4. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $114.65 and an average monthly balance of $8.57. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $22.93, which is 20 percent of plaintiff's average monthly deposit.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint and Amended Complaint

On January 28, 2022, self-represented plaintiff filed the instant action on an unsigned, partially completed Prisoner Civil Rights Complaint form pursuant to 42 U.S.C. § 1983. ECF No. 1. On February 7, 2022, the Court directed plaintiff to refile the form complaint with his signature and all required pages. ECF No. 2. On March 3, 2022, plaintiff timely complied and filed his amended complaint. ECF No. 4.

The amended complaint names as defendants the Phelps County Jail and Sergeant Timothy Durbin, in both his official and individual capacities. At all times relevant to this case, plaintiff was a pretrial detainee at the Jail. Plaintiff alleges that on November 3, 2021, "a piece of metal about an inch or longer got stuck in [his] hand off of the (new) jail bars." *Id.* at 3. Plaintiff claims he and other inmates pressed the call button for help, but it took an hour for defendant Durbin to

arrive. He alleges defendant Durbin "failed to call medical," "tried to taze [him] for no reason," "twisted [his] wrist and made it bleed," and "grabbed a dirty tool and snatched the metal out[.]" *Id.* Plaintiff claims "something is still inside" of his hand and he has yet to receive an x-ray. *Id.*

Although plaintiff's statement of the claim denies he received an x-ray, he later asserts in the 'Injuries' section of the form complaint that he was brought to the emergency room on January 3, 2022 because his hand was turning black, and an x-ray revealed "a small p[ie]ce of metal in the center of [his] hand." *Id.* at 4. Plaintiff further states that on January 26, 2022, a doctor at the Jail performed a procedure and removed some but not all of the metal from his hand. *Id.* at 4-5. Plaintiff complains of pain and contends he "can't do certain things because [he is] right handed & it happened to [his] right hand." *Id.* at 5. Plaintiff seeks $500,000 in damages.

### Discussion

#### A. Plaintiff's claims against defendant Phelps County Jail

Plaintiff has named Phelps County Jail as a defendant in this case. However, "county jails are not legal entities amenable to suit." *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cnty. Jail*, 18 F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). As the Phelps County Jail is not a distinct suable entity, the claims against it must be dismissed.

#### B. Plaintiff's claims against defendant Sergeant Timothy Durbin

##### *1. Official Capacity Claim*

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public

employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that an official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). Thus, to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

Plaintiff alleges defendant Durbin is an employee of the Jail. As such, the official capacity claim against Durbin is actually a claim against the Jail itself. As discussed above, a suit against Phelps County Jail fails because county jails are not suable entities.

Even if Phelps County itself was substituted as the proper party defendant, plaintiff has failed to state a claim against it. A local governing body can be sued directly under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cnty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Plaintiff has not alleged that Phelps County has an unconstitutional policy or custom that makes it liable for the alleged violations of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom in plaintiff's allegations, and there are no allegations regarding a pattern of similar constitutional violations by other Phelps County employees. Plaintiff's

amended complaint strictly addresses his own experience concerning the medical treatment and force used in the removal of metal from his hand. Therefore, plaintiff's official capacity claim against defendant Durbin must be dismissed. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### 2. *Individual Capacity Claim*

#### a. Deliberate Indifference

Plaintiff alleges a piece of metal from the jail bars got stuck in his right hand. Plaintiff asserts defendant Durbin was deliberately indifferent to his medical needs by arriving an hour after he and other inmates called for emergency help, and by partially removing the foreign object with a dirty tool despite having no medical training. Plaintiff also complains defendant Durbin attempted to tase him for no reason, forced him to the ground, twisted his wrist, and made him bleed. Plaintiff alleges he is "almost positive that something is still in [his] hand" and he will have to "live with it forever inside of [him] because someone who was not medically qualified to do something did it against [his] will and maliciously." ECF No. 4 at 4-5. Plaintiff was subsequently taken to the hospital because his hand was turning black, and an x-ray revealed a small piece of metal in the center of his hand. Approximately one month later, a doctor at the Jail performed a procedure to remove the metal, but plaintiff claims the attempt was unsuccessful.

Because plaintiff is a pretrial detainee, his claims fall under the Fourteenth Amendment. *See Morris v. Zefferi*, 601 F.3d 805, 809 (8th Cir. 2010).  The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference

standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006). *See also Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020) (stating a pretrial detainee has the same rights to medical care under the Due Process Clause as an inmate has under the Eighth Amendment).

Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997). "[A] prison official's deliberate indifference to a prisoner's serious medical needs constitutes cruel and unusual punishment in violation of the Eighth Amendment[.]" *Yang v. Corr. Med. Servs.*, Case No. 4:09-CV-833 MLM, 2009 WL 1688178, at *3 (E.D. Mo. June 17, 2009) (citing *Alberson v. Norris*, 458 F.3d 762, 765-66 (8th Cir. 2006)).

To establish deliberate indifference, a plaintiff must prove he suffered from an objectively serious medical need, and officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include intentional denial or delay of access to medical care, or intentional interference with treatment. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). Further, "the obvious inadequacy of a response to a risk may support an inference that the officer recognized the inappropriateness of his conduct." *Krout v. Goemmer*, 583 F.3d 557, 567 (8th Cir. 2009).

To prevail under this standard, an inmate must demonstrate that a prison official's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference

requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

In this case, plaintiff has demonstrated a serious medical need by alleging a piece of metal about an inch or longer got stuck in his hand. Plaintiff alleges he should have received medical care but instead, defendant Durbin twisted his wrist, caused additional bleeding, threatened to tase him, and "maliciously" removed some of the metal from his hand with a "dirty tool" despite having no formal medical training and over plaintiff's protests. Plaintiff states his condition worsened to the point his hand turned black and he had to be admitted to the emergency room. Plaintiff also alleges that defendant Durbin's deliberate indifference caused him permanent physical injury.

The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). As such, plaintiff's deliberate indifference to his medical needs claim against defendant Durbin is sufficient for purposes of initial review. The Clerk of Court will be directed to issue process on defendant Durbin in his individual capacity.

### b. Excessive Force

Plaintiff alleges defendant Durbin attempted to tase him for no reason, forced him to the ground, twisted his wrist, made him bleed, and removed a foreign object from his hand with a "dirty tool." Plaintiff asserts these actions were done "maliciously." Liberally construing the complaint, it appears plaintiff is also attempting to assert a claim of excessive force.

The Due Process Clause protects pretrial detainees from the use of excessive force amounting to punishment. *Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). *See also Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that "under the Due Process Clause, a detainee may not

be punished prior to an adjudication of guilt in accordance with due process of law"); and *Smith v. Conway Cnty., Ark.*, 759 F.3d 853, 858 (8th Cir. 2014) (stating that "the Due Process Clause prohibits any punishment of a pretrial detainee, be that punishment cruel-and-unusual or not"). Analysis of excessive force claims under the Due Process Clause focuses on whether the defendant's purpose in using force was "to injure, punish, or discipline the detainee." *Edwards v. Byrd*, 750 F.3d 728, 732 (8th Cir. 2014). The Fourteenth Amendment gives pretrial detainees "rights which are at least as great as the Eighth Amendment protections available to a convicted prisoner." *Walton v. Dawson*, 752 F.3d 1109, 1117 (8th Cir. 2014). Indeed, pretrial detainees are afforded greater protection than convicted inmates in the sense that the Due Process Clause prohibits the detainee from being punished. *Id.*

Taking plaintiff's allegation that defendant Durbin maliciously used excessive force in removing metal from his hand as true, and making all reasonable inferences in his favor, the Court has determined that plaintiff's excessive force claim is sufficient for purposes of initial review. As such, the Court will direct the Clerk of Court to issue process on defendant Durbin in his individual capacity as to the excessive force claim.

### C. Motion for Appointment of Counsel and Issuance of Subpoena

After filing his amended complaint, plaintiff submitted a handwritten letter, dated March 23, 2022. ECF No. 5. The letter requests "the Court[] appoint [him] a lawyer in this matter, if possible" and "to subpoena the camera footage in the annex building in pod 120, the hallway and the corridors between the times of 1:30 pm – 4:30 pm on November 3rd, 2021." *Id.* The Court will construe this letter as a motion for appointment of counsel and for issuance of a subpoena.

### 1. Motion for Appointment of Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*,

146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds the appointment of counsel is unwarranted at this time. The instant Memorandum and Order grants plaintiff's motion to proceed *in forma pauperis*, and directs the Clerk of Court to issue process or cause process to issue on the amended complaint as to defendant Durbin in his individual capacity as to plaintiff's claims of deliberate indifference and excessive force. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. The Court will deny plaintiff's motion for appointment of counsel, but will consider future motions for appointment of counsel as the case progresses.

## 2. Motion for Issuance of a Subpoena

Finally, the Court will deny plaintiff's motion to subpoena camera footage from the Jail. Plaintiff's attempt to engage in discovery is premature at this stage of the litigation as defendant Durbin has not yet been served with process, and the Court has yet to enter a Case Management Order to establish discovery deadlines. *See Potter v. Echele*, Case No. 4:18-CV-148 CDP, 2018 WL 3861357, at *3 (E.D. Mo. Aug. 14, 2018) ("discovery in prisoner cases may not take place until the Court enters a case management order") (citing E.D. Mo. L.R. 5.01, 5.04).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $22.93 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the claims against defendants Phelps County Jail and Sergeant Timothy Durbin in his official capacity are **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Sergeant Timothy Durbin in his individual capacity as to plaintiff's claims of deliberate indifference to his medical needs and excessive force. Defendant Sergeant Timothy Durbin shall be served at the Phelps County Sheriff's Department, 500 West Second Street, Rolla, Missouri 65401.

**IT IS FURTHER ORDERED** that plaintiff's letter dated March 23, 2022, construed as a motion for appointment of counsel and for issuance of a subpoena [ECF No. 5] is **DENIED** without prejudice.

Dated this <u>8th</u> day of April, 2022.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**