# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DOUGLAS ANTONIO LEE, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-CV-112 RLW |
| SGT. TIMOTHY DURBIN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Pro Se Request for Depositions ("Request"). (ECF No. 27 at 1). In his Request, Plaintiff seeks depositions of Sgt. Timothy Durbin, Officer Anthony Mehling, Cpl. Timothy Gingham, Nurse Jennifer Worley, and Dr. Howard Kessler. Plaintiff further states that "camera footage will prove everything…" (ECF No. 27 at 2). For the reasons stated herein, the Court denies Plaintiff's Request without prejudice.

## DISCUSSION

Plaintiff's Request "to do a deposition" does not state the information or documents sought from each individual listed. Rather, Plaintiff seems to seek information from the "camera footage," as outlined on the second page of his Request. Thus, Plaintiff does not seem to differentiate between a request for documents under Rule 45 and a subpoena to require an individual to appear in Court or at a deposition to provide testimony on a party's behalf. "A subpoena duces tecum refers only to a request for documents that a party believes a nonparty has in its possession." *Grace v. Hakala*, No. 1:11CV81 LMB, 2012 WL 2190902, at *4 (E.D. Mo. June 14, 2012). Plaintiff's request for depositions does not reference certain documents, but merely describes the information that he believes will be found on the "camera footage."

Therefore, the Court cannot grant his requests. Instead, the Clerk of the Court will be directed to send Plaintiff five blank subpoena forms. Plaintiff may fill out the subpoena forms and return them to the Court, along with a Memorandum for Clerk requesting service on nonparties by the U.S. Marshal. Plaintiff should not sign the subpoenas, as they will be signed by the Clerk after they are returned to and reviewed by the Court. The subpoena forms should be typewritten, if possible, or otherwise must be legible or they will not be considered.

"*In order for a subpoena duces tecum to be valid and issued by this Court,* the Memorandum for Clerk must include the following information for each subpoena: (1) the name of the person or entity plaintiff seeks to serve; (2) the specific documents plaintiff seeks; (3) how the specified documents are relevant to Plaintiff's case; and (4) why Plaintiff believes the person or entity to be subpoenaed has possession of the documents." *Grace,* 2012 WL 2190902, at *4 (emphasis in original). This information is required based on the Court's "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both civil and criminal proceedings." *Manning v. Lockhart,* 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power may be exercised to protect the resources of the Court and the U.S. Marshals Service, and to prevent harassment and undue expense of nonparties. *See, e.g., Lloyd v. McKendree,* 749 F.2d 705, 707 (11th Cir. 1985).

"Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case ." *Stockdale v. Stockdale,* 2009 WL 4030758, at *1 (E.D. Mo. Nov. 18, 2009); *see Tuvalu v. Woodford,* 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]");

*Jackson v. Brinker,* 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (court may refuse indigent party's request to have U.S. Marshal serve Rule 45 subpoena duces tecum that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process[.]"). "Thus, the Court retains the discretion to refuse to issue Rule 45 subpoenas to nonparties if plaintiff does not provide the required information in the Memorandum for Clerk, or if the Court believes the requests are frivolous or otherwise improper. In the meantime, plaintiff's motions for subpoenas will be denied, without prejudice." *Grace*, 2012 WL 2190902, at *5.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Pro Se Request for Depositions (ECF No. 27) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff five blank subpoena forms.

Dated this 6th day of September, 2022.

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE